UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REKO D. LEVELS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00892-JPH-TAB |
| | ) |
| CENTURION HEALTH OF INDIANA, LLC | ) |
| in its' official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION, MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR JUDICIAL NOTICE, AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this civil rights matter, Plaintiff Reko Levels, Jr. is proceeding on Eighth Amendment deliberate indifference claims related to a knee injury, and First Amendment, RLUIPA and RFRA claims related to his lack of access to halal meals due to his inability to move throughout the prison without a mobility device. Dkt. 15 at 3–4, 8–10 (Screening Order). Before the Court are several pending motions.

**I.     Motions for Preliminary Injunction**

The facts underlying Mr. Levels' complaint occurred when he was housed at Plainfield Correctional Facility. He has since been transferred to Westville Correctional Facility. Dkt. 27 (Notice of Change of Address, August 7, 2025).

According to Mr. Levels' complaint, he needed to have knee surgery in February 2025 after injuring his knee the previous fall. He was supposed to receive crutches upon his discharge from the hospital, but he didn't receive them until March 11. On April 3, he received a cane. A nurse also gave him a wheelchair pass but did not provide him a wheelchair. Mr. Levels is Muslim and

1

received a halal diet. But because he was not provided the necessary mobility aids, he was unable to go to the cafeteria at Plainfield in February and March of 2025 to get his halal meals. As a result, he lost between 20 and 30 pounds. Mr. Levels also alleged that due to the inadequate treatment of his knee injury, he is unable to pray prostrate on the floor as required by his faith.

Mr. Levels has filed two motions for preliminary injunction in which he requests that Defendants "continue" to provide him with a religious diet; that he receive a Halal Ensure-style supplemental nutrition drink; "legitimate pain medication (not Tylenol or Mobic) due to his re-injuries/weight loss"; a new MRI; and to "enjoin Sgt. Ruble from the practice of medicine." Dkt. 4 at 2 (May 6, 2025, Motion for Preliminary Injunction), dkt. 12 at 2 (July 8, 2025, Renewed Motion for Preliminary Injunction).

In response, Centurion Defendants state that they are not responsible for ordering religious diets. Dkt. 33. They do not address the requests for different medication or an MRI.[1] *See id.* IDOC Defendants' response indicates that Mr. Levels currently receives a kosher diet; a four-legged cane and bottom-bunk pass have been prescribed to him; and Mr. Levels has active prescriptions for Tylenol and meloxicam. Dkt. 37-1. IDOC Defendants argue that Mr. Levels does not meet the threshold requirement for injunctive relief because his complaint focuses on

---

[1] Indeed, in addition to not addressing Mr. Levels' requests that were relevant to them, Centurion Defendants offered no legal argument. Their response consisted solely of an affidavit from a doctor regarding who is responsible for providing religious diets. Dkt. 33-1. The Court is able to rule on the pending motions, however, because the IDOC Defendants provided the necessary evidence related to Mr. Levels' medical care. Centurion Defendants must take better care to address all arguments presented in a pro se plaintiff's motions.

2

past events, not ongoing harm, and Mr. Levels continues to receive a religious diet and medical care. Dkt. 37. Mr. Levels did not file a reply.

### i. Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

Further, because Mr. Levels is incarcerated, any request for preliminary injunctive relief must comply with the Prison Litigation Reform Act ("PLRA"). The PLRA provides: "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they

manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 713 (7th Cir. Jan. 12, 2022) (reversing district court's order imposing permanent injunction because mandating that prison hire a minimum number of mental health professionals "impermissibly strips [prison] officials of the flexibility necessary to adopt and implement policies that balance prison resources, safety concerns, and inmate health.").

### ii.   Discussion

As an initial matter, because Mr. Levels is now housed at Westville, any request for injunctive relief against Sgt. Ruble, a correctional officer employed at Plainfield, is **denied as moot**. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

Next, Mr. Levels' request that the Court order an injunction to *maintain* his order that he receive a religious diet is **denied as unnecessary**. The undisputed record reflects that Mr. Levels receives a Kosher diet.[2] Dkt. 37-1 at 1. There is no indication that Mr. Levels will be removed from his religious diet.

This leaves Mr. Levels' request for a Halal nutrition drink, stronger pain medication, and an MRI, which are related to his Eighth Amendment deliberate indifference claims.

---

[2] The settlement that Mr. Level previously entered into required that he be provided a "kosher or halal diet[.]" Dkt. 2-2 at 1.

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

A prisoner may show deliberate indifference by establishing that his medical providers have chosen "an 'easier and less efficacious treatment' without exercising professional judgment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). However, prisoners cannot dictate their care, *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017), and disagreements between a prisoner and his medical provider, or even amongst medical providers, alone does not establish an Eighth Amendment violation, *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Mr. Levels' request for a Halal nutrition drink, stronger pain medication, and an MRI are **denied** because he has not shown that he will suffer irreparable harm absent Court intervention. Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). The plaintiff must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up). Mr. Levels' pleadings focus on the physical harm he suffered in the spring of 2025 due to his lack of mobility devices that prevented him from going to the dining hall to get his halal

5

meals. As a result, he lost weight. However, Mr. Levels has produced no evidence indicating that he currently has a medical need for a nutritional supplement.

Additionally, the evidence reflects that Mr. Levels continues to receive medical care related to his knee injury. Mr. Levels has been issued a bottom bunk pass and a four-legged cane, and he receives Tylenol and meloxicam. Dkt. 37-1 at 4–5. Mr. Levels wants stronger pain medication. But "[t]he Eighth Amendment does not guarantee a patient his preferred medication or a pain-free recovery." *Weightman v. O'Brien*, No. 24-1543, 2025 WL 487214, at *3 (7th Cir. Feb. 13, 2025) (citing *Arce v. Wexford Health Sources, Inc.*, 75 F.4th 673, 681 (7th Cir. 2023)). Further, "an inmate is not entitled to demand specific care, and medical professionals may choose from a range of acceptable courses based on prevailing standards in the field." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (internal quotation marks and citations omitted)). Mr. Levels has presented no cogent argument that Medical Defendants are being deliberately indifferent by denying him stronger pain medication or diagnostic testing. Accordingly, he has not shown he will suffer irreparable harm. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) ("[A]n applicant for preliminary relief bears a significant burden[.]").

For these reasons, Mr. Levels' motions for preliminary injunction relief, dkts. [4] and [12], are **denied**.

## II.     Motion for Temporary Restraining Order

On August 7, 2025, Mr. Levels filed a motion for temporary emergency restraining order in which he requested that the Court order that he not be transferred from Plainfield to Westville. Dkt. 25. In the motion, he alleges that he was transferred to Westville in part so that he could pursue an associates degree through Holy Cross College. He alleges that seeking knowledge is an important aspect of his Muslim faith. *Id.* at 1. He does not want to be returned to Plainfield due to the lack of a proper kosher kitchen. *Id.*

Mr. Levels provides no evidence that IDOC defendants have any intention or immediate plan to return him to Plainfield after his recent transfer to Westville. His recently filed motions reflect that he is still housed at Westville. Thus, the motion to prevent his transfer back to Plainfield, dkt. [25], is **denied as speculative.**

## III.    Motion for Mandatory Judicial Notice

Mr. Levels' motion for mandatory judicial notice, which requested that the Court take judicial notice of the grievances he filed in this matter, dkt. [39], is **denied as moot**. To the extent that Mr. Levels also requests that the Court take judicial notice of facts related to his religious diet or health, his motion is **denied**. Rule 201 of the Federal Rules of Evidence permits the Court to take judicial notice, either *sua sponte* or by motion of a party, of any adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

7

Fed. R. Evid. 201. The exhibits that Mr. Levels wants the Court to judicially notice are not beyond reasonable dispute. *See Mays v. Dart*, 974 F.3d 810, 824 (7th Cir. 2020) (noting that reports made by public entities may still be subject to dispute with respect to author's credibility, authenticity of document, and other issues); *see also Rowe v. Gibson*, 798 F.3d 622, 629 (7th Cir. 2015) ("There is a high standard for taking judicial notice of a fact, and a low standard for allowing evidence to be presented in the conventional way[.]"). Further, Mr. Levels should not submit exhibits that are not in support of a specific motion, such as a motion for summary judgment. The Court's docket is not a repository for documents related to the case.

### IV.    Motion for Partial Summary Judgment

Defendants asserted and then withdrew the affirmative defense that Mr. Levels failed to exhaust his administrative remedies. Dkts. 54, 55.

After Defendants withdrew their exhaustion defense, Mr. Levels filed a motion for partial summary judgment arguing the merits of his claims. Dkt. 56. This motion, dkt. [56], is **denied without prejudice as premature**. Now that Defendants have withdrawn their exhaustion defense, the Court will issue a merits scheduling order that governs discovery and the filing of dispositive motions. Mr. Levels may renew his motion for summary judgment pursuant to the scheduling order. Defendants' motion to stay the summary judgment briefing deadline, dkt. [60], is **denied as moot**.

## V. Conclusion

In summary, the motions for preliminary injunction, dkts. [4] and [12], are denied, the motion for temporary restraining order, dkt. [25], and the motion for the court to take judicial notice, dkt. [39], are **denied**.

The motion for summary judgment, dkt. [56], is **denied without prejudice**, and the motion to stay summary judgment briefing, dkt. [60], is **denied as moot**. A pretrial scheduling order will be issued by separate order.

**SO ORDERED.**

Date: 12/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

REKO D. LEVELS, JR.
294584
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel